IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EARL R. HOBBS, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6730 |
| v. | ) ) | Judge Bucklo |
| | ) ) | Magistrate Judge Brown |
| TCF BANK, | ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

**PARTIES' INITIAL STATUS REPORT TO MAGISTRATE JUDGE BROWN
FOR CASE REFFERAL FROM JUDGE BUCKLO**

1. A brief summary of the claims asserted in the complaint and any counterclaim or third party complaint.

    Claims of the complaint
    On August 22, 2007, Plaintiff used Defendant's automated teller machine number 48072, located at 2940 North Ashland Avenue, Chicago, Illinois 60657. Plaintiff was charged a $2.00 fee to withdraw money from ATM 48072. At the time Plaintiff used the ATM there was no physical notice posted on or near ATM that disclosed that users would be charged any fee for using it. Further, on August 22, 2007, at the time Plaintiff used the ATM, it did not have a notice advising that funds deposited may not be available for immediate withdrawal.

    Plaintiff asserts that this case is based upon a violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, which require an automated teller machine operator to provide two separate notices to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee. Specifically, 15 U.S.C. § 1693b (d) (3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee. The EFTA, 15 U.S.C. § 1693b (d) (3) (C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

    The Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.* ("EFAA"), and its implementing Regulation CC, 12 C.F.R. § 229.1 *et seq.*, require depository institutions to

1

post a notice at ATMs accepting deposits that deposited funds may not be available for immediate withdrawal. Specifically, 12 U.S.C. § 4004(d)(2) requires that the owner or operator of an ATM at which any funds are received for deposit shall post or provide notice that funds deposited in such machine may not be immediately available for withdrawal. Additionally, 12 C.F.R. § 229.18(c)(1) requires that "[a] depository bank shall post or provide a notice at each ATM location that funds deposited in the ATM may not be available for immediate withdrawal."

Defendant has taken the position that, as a customer of TCF during the ATM transaction at issue, Plaintiff should be required to arbitrate his dispute solely on an individual basis, pursuant to the terms and conditions of his account agreement with TCF, and Defendant has filed a motion to that effect. Plaintiff intends to contest Defendant's motion to compel arbitration. Defendant also believes that it has several defenses on the merits available to it under the statutes and implementing regulations, and, in addition, that Plaintiff lacks standing to pursue a claim under the EFAA.

Counterclaims and third party complaints

There has been no counterclaim or third party complaints field by the Defendant.

2. A brief statement of the relief sought, including an itemization of damages.

Actual and statutory damages as set forth in the EFTA and Regulation E, which statutory damages for a class action under the EFTA are the lesser of 1% of the Defendants' net worth or $500,000.00 and a refund of any sur-charge assessed in contravention of the EFTA, in this case, each $2.00 fee assessed to each of the class members.

In addition, Plaintiff seeks statutory damages as set forth in the EFAA and Regulation CC which are the lesser of 1% of the Defendants' net worth or $500,000.00.

And finally, Plaintiff's counsel seeks payment of their reasonable attorneys' fees and costs of the action under EFTA and Regulation E and EFAA and Regulation CC.

3. A brief description of the matter referred to the magistrate judge.

The minute order referring the matter under Local Rule 72.1 is attached.

4. The status of any briefing on the matters referred.

Defendant has filed a Motion to Stay Further Proceedings and to Compel Arbitration.

5. If the case has been referred for discovery matters, a description of the discovery that has been completed and the future discovery contemplated, including identifying: (a) the depositions that have been taken; (b) the depositions that have been scheduled and the dates set; and (c) any other discovery contemplated.

        No discovery has been undertaken as of yet, as the Defendant had not previously filed a responsive pleading and the matter had not been before Judge Bucklo for a scheduling order, but was referred to Judge Brown immediately.  It is Defendant's position that all discovery should be stayed pending the resolution of its motion to compel arbitration, which is currently pending before Judge Bucklo.

        The parties had met pursuant to Judge Bucklo's standing order and, prior to the referral of this matter and the filing of Defendant's motion to compel arbitration, the parties had developed the following discovery schedule:

        The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) within 14 days of the initial status hearing.
Plaintiff needs discovery on the following subjects: a) Discovery on the nature of defenses to the claims in this action; b) Class information and net worth information; c) and to depose any persons submitted by Defendant as witnesses in support of any defenses or in support of any motions before the court.
Defendant intends to take the deposition of Plaintiff to determine the facts and circumstances of his use of the subject ATM; to determine the basis of any claim by Plaintiff for actual damages; and to determine whether the requirements of Rule 23, including whether  Plaintiff is an adequate class representative, have been met. Defendant also intends to depose any persons submitted by Plaintiff as witnesses in support of his claims.

6.    Whether the parties will consent to trial before a magistrate judge.

       There is not consent to a trial before the magistrate judge.

7.    Any dates or deadlines established by the district judge for discovery cut-off, submission of pretrial order or trial.

       None.

8.    The status of settlement negotiations, if any.

       Plaintiff has issued a settlement demand to the Defendant.

       Defendant is reviewing the demand currently.

Dated: February 11, 2008


By: /s/ Lance A. Raphael
Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
Counsel for Plaintiffs

Dated: February 11, 2008

By: /s/ David R. Lidow
Steven A. Levy
David R. Lidow
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Counsel for OSI Collection Services, Inc.